Henry J. Kaim (TX Bar 11075400)
Mark W. Wege (TX Bar 21074225)
**BRACEWELL & GIULIANI LLP**
711 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 223-2300

and

Daniel P. Collins (AZ Bar 009055)
**COLLINS, MAY, POTENZA,**
    **BARAN & GILLESPIE, P.C.**
Bank One Center
201 North Central, Suite 2210
Phoenix, Arizona 85073-0022
(602) 252-1900

Proposed Attorneys for Souper Salad, Inc.
Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Chapter 11** |
| SOUPER SALAD, INC., | **Case No. 2:05-bk-10160-SSC** |
| Debtor. | **APPLICATION TO APPROVE RETENTION OF BRACEWELL & GIULIANI LLP AS COUNSEL TO THE DEBTOR** |
| EID# 74-2210941 | |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Souper Salad, Inc. (the "Debtor"), files this Application to Approve Retention of

Bracewell & Giuliani LLP as Counsel to the Debtor (the "Application"). In support of

this Application, the Debtor respectfully represents as follows:

# I.
## JURISDICTION

1.     This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

# II.
## BACKGROUND

2.     On June 6, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Arizona (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession.  No trustees or examiners have been appointed, and no official committee of unsecured creditors has yet been formed.

3.     With its original petition, the Debtor has requested various types of relief in "first-day" motions filed with the Court.

4.     The Debtor is a leading all-you-care-to-eat soup and salad bar restaurant chain. The Debtor was founded in Houston, Texas in 1978 and sold to merchant bank Saunders, Karp & Megrue in 1995.  The Debtor is currently operating 91 Souper Salad units in 12 states.  The units are organized into two zones with four districts in one zone and five districts in the other.

5.     The Debtor has recently suffered financially due to declining sales, the Debtor's expansion outside of core markets, and increased expenses and margin declines, including advertising, maintenance, and wage expenses.  The resulting constraint on liquidity has negatively impacted the Debtor's ability to satisfy all of its debt obligations.

6.      Since 2004, the Debtor has had difficulty complying with its obligations to its secured lender. Presently, SummitBridge National Investments LLC and SummitBridge Global Investments LLC (collectively, "Summit") hold the secured indebtedness the ("Secured Loan") owed by the Debtor. The Debtor is not in compliance with its obligations under the Secured Loan Credit Agreement. As a result, and due to the lack of liquidity, the Debtor was forced to file this Chapter 11 case. In addition to the Secured Loan, the Debtor's debt structure is comprised of trade credit of approximately $6,000,000.

7.      The Debtor intends to achieve rejection of burdensome leases, reorganize its business and restructure its indebtedness in this Chapter 11 case to achieve an appropriately capitalized entity.

8.      Debtor's unaudited consolidated revenues for fiscal year 2004 were $90,680,552, and its consolidated unaudited EBITDA for the fiscal year ended 2004 was $3.8 million. As of the Petition Date, the Debtor employed approximately 2,200 full-time employees, with no full-time contract employees.

9.      Prior to filing this bankruptcy case, the Debtor reached agreement with Summit on the terms of a debtor-in-possession financing arrangement (the "DIP Facility"), which has been submitted for approval by this Court. The DIP Facility should be sufficient to satisfy all cash needs for post-filing supplier, vendor and other operating requirements during the expected course of the bankruptcy case. In conjunction with the DIP Facility, the Debtor and Summit also reached an agreement on the general parameters of a plan of reorganization, which would contemplate, among other things, the conversion of a significant portion of the pre-petition Secured Loan into 100% of the equity of the reorganized Debtor. Prior to the filing, the Debtor closed those stores which had negative cash flow, leaving its 91 remaining profitable stores for

continued operations as part of the reorganized company. Together, the agreements with Summit on the DIP Facility and the anticipated plan of reorganization should provide for a relatively short-lived bankruptcy case leading up to a successful reorganization and exit from bankruptcy.

## III.
## RETENTION OF BRACEWELL & GIULIANI LLP

10.     The Debtor is advised that Henry J. Kaim, Mark W. Wege and Courtney Tippy of Bracewell & Giuliani LLP, have each sought authority to practice *pro hac vice* before this court.

11.     The Debtor respectfully submits that it will be necessary to employ and retain counsel pursuant to 11 U.S.C. § 327 to serve as its general bankruptcy counsel in these cases and to, *inter alia*:

(a)     advise the Debtor with respect to its rights, duties and powers in this case;

(b)     assist and advise the Debtor in its consultations relative to the administration of this case;

(c)     assist the Debtor in analyzing the claims of the creditors and in negotiating with such creditors;

(d)     assist the Debtor in the analysis of and negotiations with any third party concerning matters relating to, among other things, the terms of the plan of reorganization;

(e)     represent the Debtor at all hearings and other proceedings;

(f) review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Debtor as to the propriety;

(g) assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives; and

(h) perform such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

12. Because of the extensive legal services that will be necessary in this case, and the fact that the full nature and extent of such services are not known at this time, the Debtor believes that the employment of Bracewell & Giuliani LLP for all of the Debtor's purposes set forth above would be appropriate and in the best interests of the Debtor.

13. The Debtor believes that Bracewell & Giuliani LLP possesses extensive knowledge and expertise in the areas of law relevant to this case and that Bracewell & Giuliani LLP is well qualified to represent the Debtor in these proceedings. In selecting its counsel, the Debtor sought counsel with considerable experience in representing parties in Chapter 11 cases. Bracewell & Giuliani LLP has such experience, currently representing and having represented parties in many significant reorganizations and liquidations under Chapter 11.

14. Under section 327(a) of the Bankruptcy Code, the trustee or debtor-in-possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor-in-

possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) in cases under Chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

15. To the best of the Debtor's knowledge, Bracewell & Giuliani LLP does not have any connection with the Debtor, its creditors or any other party in interest, their respective attorneys, or the United States Trustee or any person employed by the United States Trustee, except as set forth in this Application or in the affidavit of Mark W. Wege (the "Affidavit") annexed to and incorporated in this Application as Exhibit A. Based on the Affidavit, the Debtor believes that Bracewell & Giuliani LLP does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

16. The Debtor is informed that Bracewell & Giuliani LLP intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Bracewell & Giuliani LLP, as more specifically described in the Affidavit.

17.  As set forth in the Affidavit, prior to the Debtor's commencement of this Chapter 11 case, Bracewell & Giuliani LLP had been engaged to represent the Debtor in general corporate representation, including the general debt restructuring advice, the negotiation of the Debtor's other credit arrangements and consideration of restructuring alternatives, and has continued to render services in such capacity until shortly before the Petition Date.

18.  No previous application for the relief requested herein has been made to this or any other court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor requests this Court enter its order approving the retention of Bracewell & Giuliani LLP as bankruptcy counsel for the Debtor in these proceedings and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 6th day of June, 2005.

**SOUPER SALAD, INC.**

By: _Matt Wilber_

Name:   Matt Wilber
Title:    Chief Financial Officer

EXHIBIT "A"