Henry J. Kaim (TX Bar 11075400)
Mark W. Wege (TX Bar 21074225)
**BRACEWELL & GIULIANI LLP**
711 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 223-2300

and

Daniel P. Collins (AZ Bar 009055)
**COLLINS, MAY, POTENZA,
 BARAN & GILLESPIE, P.C.**
Bank One Center
201 North Central, Suite 2210
Phoenix, Arizona 85073-0022
(602) 252-1900

Attorneys for Souper Salad, Inc.
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | **Chapter 11** |
| SOUPER SALAD, INC., | Case No. 2:05-bk-10160-SSC |
| Debtor. | **AFFIDAVIT AND DISCLOSURE STATEMENT OF BENJAMIN GONZALEZ ON BEHALF OF NAVIGANT CAPITAL ADVISORS, LLC PURSUANT TO SECTIONS 327, 328(a) AND 504 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)** |
| EID# 74-2210941 | |

STATE OF TEXAS       §
                     §
COUNTY OF BEXAR      §

Benjamin Gonzalez, being duly sworn, deposes and says:



EXHIBIT A

## Introduction

1. I, Benjamin Gonzalez, am a Director with the firm of Navigant Capital Advisors, LLC ("Navigant Capital Advisors")[1]. Navigant Capital Advisors is a financial advisory firm with principal offices at 100 Colony Square, 1175 Peachtree Street N.E., Suite 1900, Atlanta, GA 30361.

2. I submit this affidavit in connection with the application of Souper Salad, Inc., debtor and debtor-in-possession (the "Debtor"), as debtor in possession to retain Navigant Capital Advisors as its financial advisor in the above-captioned Chapter 11 case (the "Application"), in compliance with Sections 327, 328(a) and 504 of title 11, United States Code (the "Bankruptcy Code") and to provide the disclosure required under Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b).

3. Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein, and, if called as a witness, I would competently testify thereto[2]. To the extent that any information disclosed herein requires amendment or modification upon Navigant Capital Advisors' completion of further analysis and diligent inquiry of available data, a supplemental affidavit will be submitted to the Court reflecting the same.

4. Neither I, Navigant Capital Advisors, any officer, director, or principal of Navigant Capital Advisors, nor any employee thereof, insofar as I have been able to ascertain, represents any other party in interest herein, except as hereinafter set forth.

---

[1] Navigant Capital Advisors refers to Navigant Capital Advisors, LLC, its parent Navigant Consulting, Inc., and all other subsidiaries of Navigant Consulting, Inc.

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Navigant Capital Advisors and are based on information provided by them.

## Qualification

5. Navigant Capital Advisors has extensive experience in reorganization cases and enjoys an excellent reputation for services it has rendered in large and complex Chapter 11 cases on behalf of debtors, creditors and creditors' committees throughout the United States and is well-qualified to advise the Debtor.

## Navigant Capital Advisors' Connections with Parties in Interest

6. To check upon and disclose possible relationships with parties-in-interest in this Chapter 11 case, Navigant Capital Advisors researched its client databases and performed reasonable inquiry to determine whether it had any relationships with the following individuals or entities involved in this Chapter 11 case:

   (i) the Debtor and its affiliates;

   (ii) the Debtor's directors and officers;

   (iii) the Debtor's secured lenders;

   (iv) the Debtor's twenty largest unsecured creditors;

   (v) the attorneys, accountants and other professionals that the Debtor has sought authority to employ in this Chapter 11 case;

   (vi) equity secured holders holding more than 5% of any equities issued by the Debtor; and,

   (vii) other known major parties in interest.

7. To the best of my knowledge, after diligent inquiry and based upon the foregoing procedures, neither Navigant Capital Advisors nor any employee of Navigant Capital Advisors has any connections with the (i) the Debtor and its Affiliates, (ii) Directors and Officers of the Debtor and Affiliates, (iii) Debtor's Secured Lenders, (iv) twenty largest unsecured creditors of

HOUSTON\1850246.1

-3-

the Debtor, (v) lawyers, accountants and certain other professionals retained by the Debtor and the Secured Lenders, (vi) equity secured holders holding more than 5% of any equities issued by the Debtor, (vii) other known major parties in interest, or (viii) the United States Trustee for the District of Arizona, or any other person employed in the Office of the United States Trustee for the District of Arizona.

8.  From time to time, Navigant Capital Advisors and its affiliates may have provided, and may currently provide services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties-in-interest, including without limitation parties that may be adverse to the Debtors, or their respective attorneys or accountants in matters unrelated to these Chapter 11 Cases. As described above, however, Navigant Capital Advisors has undertaken a search to determine and to disclose, whether it is or has been employed by or had other relationships with the individuals and entities included in the captions referred to in Paragraph 6 above. Certain of these creditors, parties-in-interest, attorneys or accountants have or may have provided goods or services to, currently provide or may currently provide goods or services to, and may in the future provide goods or services to, Navigant Capital Advisors and its affiliates and the Navigant Consulting Officers/Directors in matters unrelated to these Chapter 11 Cases.

9.  Despite the efforts described above to identify and disclose Navigant Capital Advisors' connections with the parties-in-interest in this Chapter 11 case, because Navigant Capital Advisors is a nationwide firm employing in excess of fifteen hundred professionals, and because the Debtor is a large enterprise, Navigant Capital Advisors is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Navigant Capital Advisors discovers additional information that it determines requires

disclosure, Navigant Capital Advisors will file a supplemental disclosure with the Court promptly.

10. From this internal search, Navigant Capital Advisors has determined that certain relationships should be disclosed, as follows:

(i) Certain parties-in-interest are or may be adverse to and/or involved in litigation matters with Navigant Capital Advisors in connection with matters unrelated to this Chapter 11 Case.

(ii) In the ordinary course of its business, Navigant Capital Advisors has business relationships in unrelated matters with various professional services firms, including Ernst & Young, which are the auditors of the Debtor.

(iii) Navigant Consulting has provided, may currently provide and may in the future provide services to Bracewell & Guiliani LLP (bankruptcy counsel to the Debtors), Collins, May, Potenzal, Baron & Gillespie, P.C. (local bankruptcy counsel to the Debtors), and Proskauer Rose LLP (counsel to the secured lenders).

11. I have ascertained that there is no connection (as such term is utilized in section 101(14)(E) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Navigant Capital Advisors and the United States Trustee or any person employed by the Office of the United States Trustee.

12. In addition to the foregoing, Navigant Capital Advisors and certain of its principals and employees have in the past represented, currently represent and may in the future represent entities that are claimants, equity interest holders, or other parties in interest in this case in matters totally unrelated to the pending Chapter 11 case. Navigant Capital Advisors has a large and diversified practice which encompasses the representations of many financial

institutions and commercial corporations, some of which may be claimants or equity interest holders in this Chapter 11 case or otherwise have an interest in such pending case. Navigant Capital Advisors does not represent any such entity in connection with the pending Chapter 11 case or have any relationship with any such entity which would be adverse to the Debtor or its estate as to the matters for which Navigant Capital Advisors is to be employed.

13. Navigant Capital Advisors reserves the right to supplement or amend this affidavit in the event that additional disclosure is required with respect to any of the parties in interest identified herein or any other parties in interest that become known to Navigant Capital Advisors in the course of this Chapter 11 case.

### Navigant Capital Advisors is Disinterested

14. Except as set forth herein, neither I, Navigant Capital Advisors, nor any principal or officer of Navigant Capital Advisors, insofar as I have been able to ascertain, represents in this case any entity or individual having an adverse interest to the estate of the Debtor in the matters upon which Navigant Capital Advisors is to be employed.

15. Based upon the information available to me, and except as otherwise described herein, I believe that Navigant Capital Advisors holds no interest adverse as to the matters for which it is to be employed. Accordingly, I believe that Navigant Capital Advisors is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### Services to be Performed by Navigant Capital Advisors

16. Navigant Capital Advisors has agreed to provide the following generally described financial advisory services:

(i) Assist the Debtor, in coordination with legal counsel, in the Bankruptcy filing; assist the Debtor with the preparation of required financial statements, schedules

of financial affairs, monthly operating reports, and any other financial disclosures required by the Bankruptcy Court.

(ii) Assist the Debtor with its communications with customers, suppliers, statutory committees, and other parties-in-interest;

(iii) Assist the Debtor in reviewing and analyzing the rolling 13 week cash receipts and disbursements forecast and assess liquidity and DIP financing needs;

(iv) Assist the Debtor in reviewing and analyzing the financial position, business plans and financial projections prepared by the Debtor including, but not limited to, challenging the assumptions and comparing those assumptions to historical company and industry trends;

(v) Assist the Debtor with the assessment of a bankruptcy exit strategy; assist the Debtor with the development of financial projections on both going-concern and §363 Sale bases;

(vi) Assist the Debtor in valuing the company on going-concern, §363 Sale, and liquidation bases;

(vii) Assist the Debtor, in coordination with legal counsel, in the preparation of a disclosure statement, plan of reorganization and the underlying business plans from which those documents are developed;

(viii) Assist the Debtor in responding to information requests submitted by statutory committees and their legal and/or financial counsel;

(ix) Assist the Debtor in reviewing the proposed restaurant closing lists and assessing the opportunity costs, if any, of selling versus closing such restaurants;

(x) Assist the Debtor with the identification of critical vendors;

(xi) Assist the Debtor with issues related to PACA vendor claims and lease rejection claims;

(xii) Assist the Debtor in providing expert advice and testimony regarding financial matters related to the engagement, including, among other things, the feasibility of any proposed plan of reorganization, and the valuation of any securities issued in connection with any such plan; and,

(xiii) Assist the Debtor with general restructuring and financial advisory services as appropriate.

Any investment banking services provided by Navigant Capital Advisors will be subject to a separate agreement outlining the terms, conditions and fees associated with such services. As used in such agreement, investment banking services include the sale or merger of the stock and/or assets or other interests of all or a portion of the Debtor (pursuant to §363 of Title 11 of the United States Code or otherwise) to a third party other than the current secured lenders, and/or the arrangement of new debt or equity capital.

17. The complete scope of the services to be provided by Navigant Capital Advisors is set forth in the engagement letter between Navigant Capital Advisors and the Debtor (the "Engagement Letter"), effective as of May 12, 2005, a copy of which is attached as Exhibit A to the Application.

18. Shortly before the effective date of the Engagement Letter, Navigant Capital Advisors began performing certain advisory services including assistance in pre-bankruptcy

filing requirements, debt capacity and debtor-in-possession sizing and preliminary business plan review.

### Navigant Capital Advisors' Proposed Compensation

19. Navigant Capital Advisors has agreed to be retained pursuant to the terms of the Engagement Letter. I believe the terms set forth in the Engagement Letter are usual and customary for the services contemplated therein, and are comparable to the usual and customary fees charged by Navigant Capital Advisors. Navigant Capital Advisors will be compensated as follows:

20. The Debtor agrees to pay Navigant Capital Advisors an hourly rate based upon professional level. Fees for services provided shall be based upon the following base hourly rates:

| Level | Rate |
| --- | --- |
| Managing Director | $600 |
| Director | 500 |
| Associate Director | 400 |
| Managing Consultant | 300 |
| Senior Consultant | 250 |
| Consultant | 200 |

21. Navigant Capital Advisors intends to apply for compensation for professional services rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, in accordance with the terms of the Engagement Letter, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and orders of this Court.

22. Further, with respect to any fees related to a Bankruptcy Transaction, such fees have not yet been negotiated between the Debtor and Navigant Capital Advisors, but will be payable as soon as practical upon the effective date of a Plan.

23. No promises have been received by Navigant Capital Advisors or any member or employee thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of the Court. Navigant Capital Advisors has no agreement with any other entity to share with such entity any compensation received by Navigant Capital Advisors or by such entity.

### Conclusion

24. To the best of my knowledge, Navigant Capital Advisors has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, this Chapter 11 case. If this Court approves the proposed employment of Navigant Capital Advisors by the Debtor, Navigant Capital Advisors will not accept any engagement or perform any service for any entity or person other than the Debtor. Navigant Capital Advisors will, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or parties in interest in this Chapter 11 case; provided, however, that such services do not relate to or have any direct connection with this Chapter 11 case.

25. Based upon the information available to me, the undersigned represents that neither I, Navigant Capital Advisors, nor any officer or principal of Navigant Capital Advisors, insofar as I have been able to ascertain, holds or represents a materially adverse interest adverse to the Debtor or its estate in the matters for which the Debtor seeks to engage Navigant Capital Advisors. Based on the foregoing, I believe that Navigant Capital Advisors has fully complied with the requirements of 11 U.S.C. § 327. I further believe that Navigant Capital Advisors is a

"disinterested person" as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

26. The retention of Navigant Capital Advisors, *nunc pro tunc*, effective as of June 6, 2005, to perform the services described in the Application and the Engagement Letter is in the best interests of the Debtor and the Debtor's estate.

27. The foregoing constitutes the statement of Navigant Capital Advisors pursuant to sections 327, 328(a) and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedures 2014(a) and 2016(b).

To the best of my knowledge, the information contained herein is true and accurate.

Dated this 8th day of June, 2005.

_____
Benjamin Gonzalez
Director, Navigant Capital Advisors, LLC

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public for the State of Texas, County of Bexar, this 8th day of June, 2005.



_____
Notary Public in and for the State of Texas